# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CICELY J. TURNER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5489 |
| | : | |
| ROBERT NUNEZ, | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff Cicely J. Turner, a self-represented litigant, brings this civil action, apparently raising state law claims pursuant to a residential lease agreement. Turner seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Turner leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her filing an amended complaint.

### I.     FACTS[1]

Turner's Complaint is somewhat unclear. In the caption of her Complaint she lists Robert Nunez as the only Defendant and later refers to him as a "landlord."[2] However, in the body of the Complaint, Turner refers to another Defendant, Quality Reality, Inc. Turner indicates that she brings this case pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. She identifies herself as a California citizen, alleges that Nunez is a Pennsylvania citizen, and alleges that Quality Reality, Inc. is a Pennsylvania citizen because it is incorporated in Pennsylvania and has a principal place of business in Pennsylvania.

The Court understands Turner to be raising breach of contract claims stemming from a residential lease agreement, although she does not say as much. She alleges that on February 28,

---

[1] The following facts are taken from the allegations of the Complaint.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

2019, she submitted a "discrepancy list with 43 items" within thirty days of her "move in." Turner alleges that only four items were repaired within six months. Turner contends that another individual was illegally residing on the property, which caused "noise disturbances, violent behavior, street fight & gun shooting in front of [her] unit." She also alleges that her unit was infested with mice and cockroaches, that the Philadelphia Department of Licenses and Inspections shut down the entire building due to zoning issues, and that the Philadelphia Health Department found lead at the property.

Turner indicates that she intends to assert breach of contract claims. She claims that the situation with the property caused her to be homeless, caused psychological distress, and ruined her business. Turner seeks damages in the amount of $500,000.

## II. STANDARD OF REVIEW

The Court will grant Turner leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. However, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Turner is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement

2

requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III. DISCUSSION[3]

The Complaint, as pled, fails to make clear who the Defendants are in this matter, which makes it difficult to assess Turner's claims. "In Pennsylvania, as elsewhere, it is well-established that the first of three elements needed to prevail on a breach of contract action is the existence of a contract." *Landan v. Wal-Mart Real Estate Bus. Tr.*, 775 F. App'x 39, 43 (3d Cir. 2019) (citing *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010)). The two remaining elements are "a breach of a duty imposed by the contract" and "resulting damages." *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. Ct. 2006).

Although Turner's desire to bring a breach of contract claim suggests that she held a lease on the property, she does not allege as much.[4] In other words, she has failed to allege the existence of a contract under which she would be entitled to recover. *See Triple T Const., LLC v. Twp. of W. Milford*, 2014 WL 2624764, at *4 (D.N.J. June 11, 2014) (dismissing claims under

---

[3] The Court possesses jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the parties are citizens of different states. As noted above, Turner alleges that she is a California citizen, that the Defendants are Pennsylvania citizens, and that she seeks damages in excess of $75,000. Accordingly, the allegations of the Complaint support the exercise of diversity jurisdiction here.

[4] "[A] lease is in the nature of a contract and is controlled by principles of contract law." *T.W. Phillips Gas & Oil Co. v. Jedlicka*, 42 A.3d 261, 267 (Pa. 2012).

3

Rule 8 where "the Complaint fail[ed] to allege any facts supporting the plausible inference that a contract existed between the parties . . . ."). Assuming Turner's claims are based on a residential lease, it is not clear with whom she entered into that lease and what property it concerned. As noted above, the Complaint identifies Nunez and Quality Reality, Inc. as Defendants, but Turner does not allege that either of those Defendants were parties to a lease with her or otherwise raise allegations against them that would make clear what role they played in the events giving rise to her claims. Accordingly, Turner's Complaint does not comply with Rule 8 or state a claim as pled. *See Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) ("When a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond.").

Liberally construing the Complaint, Turner may also have intended to bring a claim for breach of the implied warranty of habitability or negligence claims based on the failure to correct the problems in her unit. *See Matthews v. Wince*, 2017 WL 1372750, at *2 (Pa. Super. Ct. Apr. 13, 2017) (explaining that the Pennsylvania Supreme Court has "adopted an implied warranty of habitability in residential leases"); *Echeverria v. Holley*, 142 A.3d 29, 34 (Pa. Super. Ct. 2016) ("A tenant seeking to recover damages stemming from the condition of a rental property may pursue claims sounding in ordinary negligence or a breach of the implied warranty of habitability."). "[T]o assert a breach of the implied warranty of habitability, a tenant must prove he or she gave notice to the landlord of the defect or condition, that he (the landlord) had a reasonable opportunity to make the necessary repairs, and that he failed to do so." *Pugh v. Holmes*, 405 A.2d 897, 906 (Pa. 1979). "Under a theory of conventional negligence, the injured tenant must prove that his or her injuries were proximately caused by the landlord's failure to

4

exercise reasonable care to make the premises safe." *Matthews*, 2017 WL 1372750, at *4. As with Turner's breach of contract claim, it is difficult for the Court to evaluate these claims because it is not exactly clear who her landlord was or what role either of the Defendants played in the events giving rise to Turner's claims. In sum, these claims fail for the same reason Turner's breach of contract claims fail.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Turner leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her filing an amended complaint that clarifies the issues noted above. An appropriate Order follows, which provides Turner thirty days to file her amended complaint.

November 26, 2019          BY THE COURT:

                           _____
                           **WENDY BEETLESTONE, J.**